IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAYE RAYNOR, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-cv-01643 |
| | § | |
| KROGER TEXAS L.P., | § | JURY DEMAND |
|     Defendant. | § | |

---

**DEFENDANT'S NOTICE OF REMOVAL**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Defendant Kroger Texas L.P. ("Defendant") in the cause styled "*Jaye Raynor v. Kroger Texas L.P.*," originally pending as Cause No. DC-21-16775 in the 191st Judicial District Court of Dallas County, Texas, files this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Dallas Division.

**I.**
**BASIS FOR REMOVAL**

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. In particular, diversity jurisdiction exists in this case because there is complete diversity of citizenship between the parties, Defendant is not a citizen of the State of Texas, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

---

[1] *See* 28 U.S.C. § 1332 (2018).

**II.**
**DIVERSITY JURISDICTION**

Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.[2]

Kroger Texas L.P., at the time of the initial filing of this action and at the time of the removal of this action, was and is a limited partnership formed under the laws of Ohio.  The general partner of Kroger Texas L.P. is KRGP Inc., an Ohio corporation with its principal place of business in Ohio. The only limited partner is KRLP Inc., an Ohio corporation with its principal place of business in Ohio.  Neither KRGP Inc. nor KRLP Inc., the only two partners of Kroger Texas L.P., has ever been a resident of, incorporated in, or had its principal place of business in the State of Texas.

**III.**
**FACTUAL BACKGROUND**

Plaintiff claims that, on June 15, 2020, she was walking toward the exit of Kroger's store after purchasing her items, when, suddenly and unexpectedly, the shopping cart she had selected stopped, causing Plaintiff to strike her left toe into the cart.[3] Plaintiff filed suit on November 16, 2021, in the 191st Judicial District Court of Dallas County, Texas, alleging negligence-based causes of action against Defendant.

**IV.**
**THE AMOUNT IN CONTROVERSY**

Plaintiff seeks recovery of unspecified damages. However, Plaintiff admits in Plaintiff's Response to Defendant's First Request for Admission that her damages exceed $75,000.00

---

[2]   *See* Pl's Orig. Pet, (attached as <u>Exhibit 2</u>), at p. 1, § II

[3]   Pl's 1st Amd. Pet. (attached as <u>Exhibit 9</u>), at p. 2, § IV.

exclusive of interest and costs.[4]   Based on Plaintiff's discovery response, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs.

## V.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable."[5] Defendant first became aware this case was removable on July 15, 2022 when Defendant was served with Plaintiff's Responses to Defendant's First Request for Admissions. Accordingly, this removal is timely because it is made within thirty days after the receipt by Defendant of the document that first demonstrated the case was removable.   Moreover, more than one year has not passed since the commencement of the action in state court on November 16, 2021.[6]

## VI.
## VENUE

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the county in which the removed action has been pending.

## VII.
## PROCEDURAL REQUIREMENTS

Defendant filed with the Clerk of the 191st Judicial District Court Dallas, Texas a Notice of Filing Notice of Removal to Federal Court contemporaneously with the filing of this Notice of Removal.

---

[4]   *See* Pl's Resp. to Def's 1st Request for Admissions (attached as Exhibit 10), at p. 2, No. 4.

[5]   28 U.S.C. § 1446(b).

[6]   *See id*.

Pursuant to Local Rule 81.1, the following documents are attached hereto for the Court's reference:

(1)     State court docket sheet (as of July 28, 2022);

(2)     Plaintiff's Original Petition (filed November 16, 2021) with Service of Citation;

(3)     Defendant's Original Answer and Special Exceptions (filed December 17, 2021);

(4)     Non Jury Pre-Trial Order (entered on January 6, 2022);

(5)     Defendant's Demand for Jury Trial (filed on January 18, 2022);

(6)     Letter to the parties from the Court (dated January 24, 2022);

(7)     Defendant's Unopposed Motion for Leave to Designate Gatekeeper Systems, Inc and Gatekeeper Systems, LLC as Responsible Third Parties (filed on June 21, 2022);

(8)     Order Granting Defendant's Unopposed Motion for Leave to Designate Gatekeeper Systems, Inc and Gatekeeper Systems, LLC as Responsible Third Parties (entered on June 27, 2022);

(9)     Plaintiff's First Amended Original Petition (filed July 15, 2022); and

(10)    Plaintiff's Responses to Defendant's First Request for Admissions (served on July 15, 2022).

Also, in compliance with Local Rule 81.1, Defendant has filed the following documents with the Notice:

- Civil Cover Sheet

- Supplemental Civil Cover Sheet

- Certificate of Interested Persons

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that this case be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**
Attorney-in-charge
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Michael W. Stumbaugh**
State Bar No. 24041987
mstumbaugh@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Federal Rules of Civil Procedure on July 28, 2022.

/s/ B. Kyle Briscoe

B. Kyle Briscoe

# EXHIBIT 1

Exhibit 1

## Case Information

DC-21-16775 | JAYE RAYNOR vs. KROGER TEXAS L.P.

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-21-16775 | 191st District Court | SLAUGHTER, GENA |
| File Date | Case Type | Case Status |
| 11/16/2021 | OTHER PERSONAL INJURY | OPEN |

## Party

PLAINTIFF
RAYNOR, JAYE

Active Attorneys ▾

Lead Attorney
EASON, STEVEN L
Retained

DEFENDANT
KROGER TEXAS L.P.

Address
REGISTERED AGENT, CORPORATION SERVICE COMPANY
211 E. 7TH STREET, SUITE 620
AUSTIN TX 78701

Active Attorneys ▾

Lead Attorney
BRISCOE, B KYLE
Retained

## Events and Hearings

Case 3:22-cv-01643-X   Document 1   Filed 07/28/22   Page 8 of 55   PageID 8

11/16/2021 NEW CASE FILED (OCA) - CIVIL

11/16/2021 ORIGINAL PETITION ▾

ORIGINAL PETITION

11/16/2021 ISSUE CITATION ▾

ISSUE CITATION - KROGER TEXAS L.P.

11/29/2021 CITATION ▾

Served
11/30/2021

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF COUNTY

Returned
12/02/2021
Comment
KROGER TEXAS L.P.

12/02/2021 RETURN OF SERVICE ▾

EXECUTED CITATION - KROGER TEXAS L.P.

   Comment
   EXECUTED CITATION - KROGER TEXAS L.P.

12/17/2021 ORIGINAL ANSWER - GENERAL DENIAL ▾

DEFENDANT ORIGINAL ANSWER & SPECIAL EXCEPTIONS-KROGER TEXAS LP

   Comment
   & SPECIAL EXCEPTIONS

01/06/2022 ORDER - PRETRIAL ▾

ORDER - PRETRIAL

01/18/2022 JURY DEMAND ▾

JURY DEMAND

06/21/2022 MOTION - LEAVE ▾

MTN FOR LEAVE

Comment
UNOPPOSED - TO DESIGNATE RESPONSIBLE THIRD PARTIES

06/21/2022 NON-SIGNED PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER FOR LEAVE

Comment
PROPOSED ORDER FOR LEAVE

06/27/2022 ORDER - LEAVE ▾

ORDER - LEAVE

Comment
TO DESIGNATE RESPONSIBLE THIRD PARTY

07/15/2022 AMENDED PETITION ▾

PLTS FIRST AMENDED PETITION

Comment
FIRST

12/12/2022 Jury Trial - Civil ▾

191st COVER SHEET

191st COVER SHEET

191st NON-JURY TRIAL LETTER

191st NON-JURY TRIAL LETTER

191st NON-JURY TRIAL LETTER

Judicial Officer
SLAUGHTER, GENA

Hearing Time
9:30 AM

## Financial

RAYNOR, JAYE
    Total Financial Assessment                                          $300.00
    Total Payments and Credits                                          $300.00

| 11/18/2021 | Transaction Assessment | | | $300.00 |
| 11/18/2021 | CREDIT CARD - TEXFILE (DC) | Receipt # 77108-2021-DCLK | RAYNOR, JAYE | ($300.00) |

KROGER TEXAS L.P.

| | Total Financial Assessment | | | $10.00 |
| | Total Payments and Credits | | | $10.00 |

| 1/19/2022 | Transaction Assessment | | | $10.00 |
| 1/19/2022 | CREDIT CARD - TEXFILE (DC) | Receipt # 3175-2022-DCLK | KROGER TEXAS L.P. | ($10.00) |

## Documents

ORIGINAL PETITION

ISSUE CITATION - KROGER TEXAS L.P.

EXECUTED CITATION - KROGER TEXAS L.P.

DEFENDANT ORIGINAL ANSWER & SPECIAL EXCEPTIONS-KROGER TEXAS LP

191st COVER SHEET

191st COVER SHEET

ORDER - PRETRIAL

JURY DEMAND

191st NON-JURY TRIAL LETTER

191st NON-JURY TRIAL LETTER

191st NON-JURY TRIAL LETTER

PROPOSED ORDER FOR LEAVE

MTN FOR LEAVE

ORDER - LEAVE

PLTS FIRST AMENDED PETITION

# EXHIBIT 2

Exhibit 2

FILED
11/16/2021 10:08 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Alicia Mata DEPUTY

1 CM/ESERVE   Case 3:22-cv-01643-X   Document 1   Filed 07/28/22   Page 12 of 55   PageID 12

DC-21-16775

CAUSE NO. _____

| | | |
|---|---|---|
| JAYE RAYNOR, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| vs. | § | 191st |
| | § | _____ JUDICIAL COURT |
| KROGER TEXAS L.P., | § | |
| Defendant, | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JAYE RAYNOR, Plaintiff, complaining of KROGER TEXAS L.P., Defendant, and for cause of action would show:

### I.   DISCOVERY PLAN

Pursuant to **Rule 190.1** of the *Texas Rules of Civil Procedure*, Plaintiff intends discovery to be conducted under Level 1.  Plaintiff affirmatively states that she is seeking only monetary relief aggregating no more than $250,000, including damages of any kind, penalties, cost, expense, prejudgment interest, and attorney's fees.

### II. PARTIES

Plaintiff, **JAYE RAYNOR**, is a resident of Dallas, Texas.  The last three numbers of her Texas Drivers License are 414; the last three of her SSN are 759.

Defendant **KROGER TEXAS L.P.** appears to be a limited partnership organized in the State of Ohio and is authorized to do business in the State of Texas and can be served with citation by serving its designated registered agent:  CORPORATION SERVICE COMPANY D/B/A CSC LAWYERS, INCO, 211 E. 7TH Street, Suite 620, Austin, Texas  78701.

ISSUANCE OF CITATION IS REQUESTED.

PLAINTIFF'S ORIGINAL PETITION – PAGE 1 OF 5
*JAYE RAYNOR vs. KROGER TEXAS, LP*FILE #820121

### III. VENUE

Venue is proper in Dallas County, Texas as Dallas County is where all or a substantial part of the events or omissions giving rise to the claim occurred.

### IV. FACTUAL BACKGROUND

On Monday, June 15, 2020, JAYE RAYNOR was a customer that entered the store known as Kroger  #436 owned by Defendant KROGER TEXAS L.P. at 325 E. FM 1382 Rd, Cedar Hill, Dallas County, Texas 75104. Plaintiff had been shopping and completed her purchases and was walking toward the exit door with her selected shopping cart when, suddenly and unexpectedly, the cart stopped causing  plaintiff to strike her left toe into the cart.  The toenail of the left toe was torn off resulting in injuries and economic damages to Plaintiff.  The cart, unbeknownst to Plaintiff, had a device attached to one of the wheels of the shopping cart causing to stop at the exit to the store.

At the time, Plaintiff was a business invitee on the property owned or controlled by Defendant; therefore, Defendant owed the highest degree of care toward Plaintiff.  Defendant knew of the dangerous condition that the sudden stop of the shopping cart would cause and/or had a duty to discover the condition with a reasonable inspection.  Further, Defendant had a duty to warn Plaintiff or make safe the conditions that Defendant had actual or constructive knowledge of creating an unreasonable risk.  Defendant failed in its duties, was negligent and such negligence caused serious bodily injuries to Plaintiff.

### V.     NEGLIGENCE

The Defendant either owned or controlled the area where Plaintiff fell.  The said accident

and injuries to Plaintiff resulting therefrom were caused solely by the negligence of the Defendant without any negligence on the part of the Plaintiff contributing thereto. The Defendant's negligence includes, but is not limited to the following:

(1)    The Defendant negligently maintained its premises by allowing shopping carts that could stop suddenly to remain on the floor without signage where individuals such as Plaintiff could be injured  when the cart stopped suddenly and unexpectedly.

(2)    Defendant negligently failed to inspect its premises for dangerous conditions such as allowing shopping carts without signage indicating that they could stop suddenly when it knew, or in the exercise of reasonable care should have known, that the carts could stop suddenly without warning the customers which would greatly increase the risk that invitees, including Plaintiff, could be injured when the cart suddenly, without warning, stopped.

(3)    Defendant negligently failed to warn Plaintiff of the aforementioned dangerous condition on its premises when it knew, or in the exercise or reasonable care should have known, that such conditions existed or likely would exist.

(4)    As a direct and proximate result of the negligence of the Defendant, Plaintiff was injured when the shopping cart suddenly stopped without warning and sustained personal injuries to her foot.  As a result of the negligence of Defendant in not keeping the premises safe, Plaintiff has in the past incurred medical expenses and lost income because of Defendant's negligence. Plaintiff has suffered great pain and discomfort as a result of the injuries and will continue in the future to suffer great pain and discomfort.

## VI.  REQUIRED DISCLOSURES

Defendant is directed to provide Required Disclosures pursuant to Texas Rules of Civil Procedure Rule 194 within thirty (30) days of filing the first answer.

## VII.  NOTICE THAT DOCUMENTS WILL BE PRODUCED

Pursuant to Texas Rules of Civil Procedure Rule 193.7, Plaintiff gives notice that all documents produced by Defendant may be used at any pretrial proceeding or that the trial of this case.

## VIII.

## PRESERVATION OF EVIDENCE

Defendant is directed to preserve all electronically stored information and/or video recordings that may contain evidence related to the incident made the basis of this action.

## IX. DAMAGES

As a direct and proximate result of the Defendant's negligence, Plaintiff sustained bodily injury and suffered economic loss and is entitled to recover damages.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that she has judgment against Defendant for her damages and for such other and further relief to which she shows herself justly entitled.

Respectfully submitted,

/s/Glenn D. Tucker, Sr.
Glenn D. Tucker, Sr. (SBN: 20269560)
Steven L. Eason (SBN 06360990)
**LAW OFFICES OF GLENN D. TUCKER, P.C.**
7441 Marvin D. Love Freeway, Suite 400
Dallas, Texas 75237
(214) 358-6550/Telephone
(214) 358-6458/Fax
Email: *service@tuckerlawcenter.com*
ATTORNEY FOR PLAINTIFF

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Steve Eason on behalf of Steve Eason
Bar No. 6360990
steve@tuckerlawcenter.com
Envelope ID: 59193921
Status as of 11/18/2021 2:47 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Steve Eason |  | steve@tuckerlawcenter.com | 11/16/2021 10:08:58 AM | SENT |
| Glenn Tucker |  | service@tuckerlawcenter.com | 11/16/2021 10:08:58 AM | SENT |

# EXHIBIT 3

**Exhibit 3**

FILED
12/17/2021 10:33 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Margaret Thomas DEPUTY

CAUSE NO. DC-21-16775

| | | |
|---|---|---|
| JAYE RAYNOR, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 191st JUDICIAL COURT |
| | § | |
| KROGER TEXAS L.P. | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

---

**DEFENDANT'S ORIGINAL ANSWER AND SPECIAL EXCEPTIONS**

---

COMES NOW Defendant Kroger Texas L.P. and files its Original Answer and Special Exceptions, and in support thereof, would respectfully show the Court as follows:

## I.
## DEFENDANT'S ORIGINAL ANSWER

**A.    GENERAL DENIAL**

Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition, demands strict proof thereof, and to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury if she can so do.

**B.    DEFENSES**

1.    Defendant specifically denies Plaintiff's allegations that it was negligent in any respect, and Defendant denies that its alleged acts or omissions proximately caused Plaintiff's alleged damages.

2.    Defendant had neither actual nor constructive knowledge of the condition about which Plaintiff complains, and further asserts that, in any event, the alleged hazard was not "unreasonably dangerous."

3.      Plaintiff's damages or injuries, if any, were caused by the acts of third persons not under the control of Defendant.  Such acts or omissions of said third persons were the sole and/or a producing and/or a proximate and/or an intervening and/or a supervening cause of Plaintiff's damages or injuries, if any.

4.      The alleged premises condition of which Plaintiff complains was already appreciated by Plaintiff, was open and obvious, was not concealed, and/or was a known risk and, therefore, Defendant denies that it owed any duty to warn Plaintiff of the alleged premises condition or protect Plaintiff from same. *Austin v. Kroger Texas L.P.*, 465 S.W.3d 193, 203 (Tex. 2015).

5.      Plaintiff failed to use that degree of care and caution that would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing or contributing to cause Plaintiff's injuries and damages, if any.  Such acts or omissions of Plaintiff were the sole and/or a producing and/or a proximate and/or a supervening and/or an intervening cause of Plaintiff's damages or injuries, if any.

6.      In the alternative, the accident complained of was an unavoidable accident, as that term is defined under Texas law.

7.      Defendant respectfully requests that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

8.      In the unlikely event an adverse judgment is rendered against Defendant in this matter, Defendant respectfully prays for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

9.      To the extent that the damages about which Plaintiff complains, if any, were the result of prior or pre-existing or subsequent injuries, accidents or conditions, said prior or pre-existing or subsequent injuries, accidents or conditions were the sole and/or a contributing cause of Plaintiff's damages alleged against Defendant.

10.      To the extent that Plaintiff breached Plaintiff's duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages, such damages are not reasonable or necessary.

11.      To the extent that Plaintiff is malingering and/or exaggerating the nature and severity of Plaintiff's injuries in order to continue treatment, Defendant contends said treatment is not medically necessary or reasonable.

12.      Any claims for past and future medical or health care expenses are limited to the customary and usual amounts charged for reasonable and necessary medical care and, with respect to past medical expenses, are further limited to the amounts actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code § 41.0105.

13.      Pursuant to Texas Civil Practice & Remedies Code § 18.091, to the extent that Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of such alleged losses must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

## C.      COURT REPORTER REQUESTED

Defendant respectfully demands a court reporter be present at all proceedings before the Court.

## II.
## SPECIAL EXCEPTIONS

1.    Defendant objects and specially excepts to section VI. of Plaintiff's Original Petition, titled "Required Disclosures" on the grounds that the Texas Rules of Civil Procedure have been amended, effective prior to Plaintiff filing this lawsuit, eliminating requests for disclosure and eliminating any discovery requests attached to a petition. Therefore, Defendant requests that the Court strike section "VI. Required Disclosures" in its entirety.

2.    Defendant further objects and specially excepts to section VII of Plaintiff's Original Petition, titled "Notice That Documents Will Be Produced," which improperly attempts to invoke Rule 193.7 of the Texas Rules of Civil Procedure. Specifically, section VII states that "Pursuant to Texas Rules of Civil Procedure Rule 193.7, Plaintiff gives notice that all documents produced by Defendant may be used at any pretrial proceeding or that [sic] the trial of this case." However, Rule 193.7 requires that the party invoking Rule 193.7 provide "***actual notice*** that the document ***will*** be used" to the producing party.[1] Furthermore, "the ten-day period allowed for objection to authenticity . . . does not run from the production of the material or information but from the party's ***actual awareness that the document will be used***."[2] Accordingly, it is clear that Rule 193.7 requires more than a mere blanket statement that all documents produced in discovery will be authenticated against the producing party. Such a blanket statement not only fails to satisfy the requirements of Rule 193.7, but it also places an unreasonable burden upon Defendant to review all documents it produces and prophylactically render objections regarding the authenticity of

---

[1]    Tex. R. Civ. P. 193.7 (2021) (emphasis added).

[2]    *Id.*, cmt. 7 (emphasis added).

said documents. Therefore, Defendant requests that the Court strike section VII of Plaintiff's Original Petition, titled "Notice That Documents Will Be Produced" in its entirety.

## III.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Kroger Texas L.P. respectfully prays that the Court grant its Special Exceptions and order Plaintiff to replead with the required specificity or strike sections VI and VII of Plaintiff's Original Petition. Defendant further prays that Plaintiff take nothing by this cause of action, and that Defendant be permitted to recover the costs expended on its behalf. Defendant also prays for all other and further relief, both general and special, at law and in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Michael W. Stumbaugh**
State Bar No. 24041987
mstumbaugh@peavlerbriscoe.com
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on December 17, 2021.

/s/ B. Kyle Briscoe

B. Kyle Briscoe

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Bryan Briscoe on behalf of Bryan Briscoe
Bar No. 24069421
kbriscoe@peavlerbriscoe.com
Envelope ID: 60126017
Status as of 12/17/2021 11:55 AM CST

Associated Case Party: JAYE RAYNOR

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| STEVEN LEASON | | service@tuckerlawcenter.com | 12/17/2021 10:33:09 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 12/17/2021 10:33:09 AM | SENT |
| Michael W. Stumbaugh | | mstumbaugh@peavlerbriscoe.com | 12/17/2021 10:33:09 AM | SENT |
| Brandi Spillers | | bspillers@peavlerbriscoe.com | 12/17/2021 10:33:09 AM | SENT |
| Liz Contreras | | econtreras@peavlerbriscoe.com | 12/17/2021 10:33:09 AM | SENT |

# EXHIBIT 4

Exhibit 4

191ST District Court
George L Allen, Sr. Courts Building
600 Commerce Street, 7th floor
Dallas, Texas 75202-4627

Chambers of Judge Gena Slaughter

## NON JURY PRE-TRIAL ORDER

DC-21-16775

JAYE RAYNOR
vs.
KROGER TEXAS L.P.

**This case is set on the Court's two week docket for Non Jury Trial on 12/12/2022@ 9:30 A.M.**

**Mediation is required and therefore ordered to occur in every case. Mediation must occur at least thirty (30) days before trial. The Court hereby requests that the parties contact one another and agree upon a mediator.**

This date was chosen because it seems realistic based on the information on file.  You should consider this to be a final setting and be prepared to go to trial.

Discovery is to be commenced, accomplished and completed pursuant to Texas Rule of Civil Procedure 190 et seq.

No dispositive motions will be heard within 30 days of the trial date.  Any Daubert/Robinson Challenges must be set and heard no later than 30 days before trial.

No continuances of the trial setting or the discovery deadline will be granted except upon good cause shown following a hearing on a Motion of Continuance.

Requests to Continue a Trial Date:
a. Unless otherwise permitted by Court policy, no request to pass, postpone or reset any trial shall be granted unless counsel for all parties consent, or unless all parties not joining in such request or their counsel have been notified and have had opportunity to object; provided, however, that failure to make an announcement under Local Rule 3.02 shall constitute that party's consent to dismiss for want of prosecution any case set for trial the following week.
b. after a case has been on file for one year, it shall not be reset for a party except upon written motion for continuance and granted by the Court.
c. Except as provided by statute, no party is entitled of right to a "pass" of any trial setting.

Trial announcements must be made in accordance with Rule 3.02 Dallas Civil Court Rules: Requests to Continue a Trial Date;

If the parties believe there is realistically more than thirty minutes needed for the pretrial hearing, the parties are to schedule a hearing in the 2 weeks before the trial date.

The Court directs the parties to submit a propose jury charge on a flash drive. All exhibits should be pre-marked before hearing or trial.

Plaintiff/Plaintiff's counsel shall serve a copy of this Order on any currently named defendant(s) answering after this date.

January 06, 2022

DISTRICT JUDGE

# EXHIBIT 5

**Exhibit 5**

FILED
1/18/2022 2:54 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Debra Clark DEPUTY

CAUSE NO. DC-21-16775

| | | |
|---|---|---|
| JAYE RAYNOR, | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| vs. | § | 191st JUDICIAL COURT |
| | § | |
| KROGER TEXAS L.P. | § | |
|     Defendant. | § | DALLAS COUNTY, TEXAS |

---

## DEFENDANT'S DEMAND FOR JURY TRIAL

COMES NOW Defendant Kroger Texas L.P. ("Defendant"), filing this Demand for Jury Trial, and asserts its right to a trial by jury under Texas Constitution Article 1, section 15. Defendant makes this demand for jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216.

Respectfully submitted,

/s/ Michael W. Stumbaugh

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Michael W. Stumbaugh**
State Bar No. 24041987
mstumbaugh@peavlerbriscoe.com
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on January 18, 2022.

/s/ Michael W. Stumbaugh

**Michael W. Stumbaugh**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michael Stumbaugh on behalf of Michael Stumbaugh
Bar No. 24041987
mstumbaugh@peavlerbriscoe.com
Envelope ID: 60910997
Status as of 1/19/2022 12:29 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 1/18/2022 2:54:52 PM | SENT |
| Liz Contreras | | econtreras@peavlerbriscoe.com | 1/18/2022 2:54:52 PM | SENT |
| Michael W. Stumbaugh | | mstumbaugh@peavlerbriscoe.com | 1/18/2022 2:54:52 PM | SENT |
| Steve Eason | | steve@tuckerlawcenter.com | 1/18/2022 2:54:52 PM | SENT |
| Brandi Spillers | | bspillers@peavlerbriscoe.com | 1/18/2022 2:54:52 PM | SENT |

Associated Case Party: JAYE RAYNOR

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| STEVEN LEASON | | service@tuckerlawcenter.com | 1/18/2022 2:54:52 PM | SENT |

# EXHIBIT 6

Exhibit 6



IN THE DISTRICT COURT
OF DALLAS COUNTY
191st DISTRICT COURT

1/24/2022

B KYLE BRISCOE
2215 WESTGATE PLAZA
GRAPEVINE TX  76051

**In Re:  DC-21-16775**
**JAYE RAYNOR  vs.  KROGER TEXAS L.P.**

**ALL COUNSEL OF RECORD**:

Please take note of the following settings:

**Jury Trial:       12/12/2022@ 9:30 a.m.**

Trial announcements must be made in accordance with Rule 3.02, Dallas Civil Court Rules.

**If not reached as set, the case may be carried to the next week.**

**_When no announcement is made for Plaintiff, the case will be Dismissed for Want of Prosecution._**

Except as provided by Court Order, completion of discovery, presentation of pretrial motions and other matters relating to preparation for trial are governed by the Dallas Civil Court Rules, and the Texas Rules of Civil Procedure.

Please forward a copy of this notice to counsel of record for each party and all pro se parties by a method approved in Texas Rule of Civil Procedure 21a.

Sincerely,

GENA N. SLAUGHTER
District Judge
191st JUDICIAL DISTRICT COURT

CC:  Counsel of Record/Pro Se Parties

Review your case information at :
http://courts.dallascounty.org/
Update your Attorney information at:
http://www.dallascounty.org/department/districtclerk/atty-add-form.html

George Allen Sr. Courts Building, 600 Commerce Street, Room 740, Dallas,  Texas  75202 (214) 653-7117

(Located in the New Tower, 7th Floor).

# EXHIBIT 7

**Exhibit 7**

FILED
6/21/2022 12:00 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Debra Clark DEPUTY

Case 3:22-cv-01643-X   Document 1   Filed 07/28/22   Page 35 of 55   PageID 35

CAUSE NO. DC-21-16775

| | | |
|---|---|---|
| JAYE RAYNOR, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 191st JUDICIAL COURT |
| | § | |
| KROGER TEXAS L.P. | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO DESIGNATE GATEKEEPER SYSTEMS, INC. AND GATEKEEPER SYSTEMS, LLC AS RESPONSIBLE THIRD PARTIES

Defendant Kroger Texas, L.P. ("Kroger" or "Defendant") moves the Court for leave to designate the manufacturer of the shopping cart at issue, Gatekeeper Systems, Inc. and Gatekeeper Systems, LLC, as responsible third parties pursuant to Texas Civil Practice & Remedies Code § 33.004.

## I.
## FACTS & BACKGROUND

1.      This is a premises liability case, in which Plaintiff claims that, on June 15, 2020, the shopping cart she was pushing (the "Shopping Cart") toward the exit of Kroger's store stopped suddenly and unexpectedly, injuring her.  Plaintiff brought this suit against Defendant, alleging a premises-liability claim. Among other things, Plaintiff alleges that the Shopping Cart, "unbeknownst to Plaintiff, had a device attached to one of the wheels . . . causing [it] to stop at the exit to the store."[1]

2.      The Shopping Cart was manufactured by Gatekeeper Systems, Inc. and Gatekeeper Systems, LLC, as was the Shopping Cart's automatic stopping device.

---

[1]      *See* Pl's Orig. Pet. (on file herein), at p. 2, § IV.

3.      Consequently, if any aspect of the Shopping Cart or the Shopping Cart's automatic stopping device was defective, such alleged defect and any negligence associated therewith would be attributable to Gatekeeper Systems, Inc. and Gatekeeper Systems, LLC.

4.      As result, Gatekeeper Systems, Inc. and Gatekeeper Systems, LLC should be designated as responsible third parties in this lawsuit.

## II.
## ARGUMENTS AND AUTHORITIES

Section 33.004 of the Texas Civil Practice & Remedies Code permits a defendant to seek to designate a person (or entity) as a responsible third party by filing a motion for leave on or before the 60th day before a trial date.[2]  Even if an objection is filed, the Court must still grant leave to designate the person as a responsible third party unless: (1) the objecting party establishes that the defendant did not plead sufficient facts to satisfy the Texas Rules of Civil Procedure pleading requirements, and (2) after the court grants leave to re-plead, the defendant still does not plead sufficient facts.[3] Under section 33.004, a defendant may designate any third party that is potentially responsible for Plaintiff's damages.[4]  A "responsible third party" is defined as "any person who is alleged to have ***caused or contributed to causing in any way*** the harm for which recovery of damages is sought, whether by negligent act or omission . . . by other conduct or activity that violates an applicable legal standard, or by any combination of these

---

[2]   *See* TEX. CIV. PRAC. & REM. CODE ANN. §33.004(a) (West 2021).

[3]   *See id.* §33.004(g).

[4]   *See id.* §33.004(a).

. . . ."[5] Courts have held that responsible-third-party practice should be broadly and liberally construed.[6]

### III.
### GATEKEEPER SYSTEMS, INC. AND GATEKEEPER SYSTEMS, LLC
### ARE RESPONSIBLE THIRD PARTIES

In this case, Plaintiff has pled that the Shopping Cart failed to operate in a safe condition and that the Shopping Cart's automatic stopping device caused the Shopping Cart to suddenly and unexpectedly stop. The Shopping Cart and the automatic stopping device were manufactured and installed by Gatekeeper Systems, Inc. and Gatekeeper Systems, LLC. Because Plaintiff's allegations against Kroger, if true, implicate the negligence of Gatekeeper Systems, Inc. and Gatekeeper Systems, LLC, Kroger has properly alleged a basis for designating Gatekeeper Systems, Inc. and Gatekeeper Systems, LLC as responsible third parties in this case.

Put another way, to the extent that Gatekeeper Systems, Inc. and Gatekeeper Systems, LLC manufactured the Shopping Cart and the Shopping Cart's automatic stopping device, Gatekeeper Systems, Inc. and Gatekeeper Systems, LLC thereby caused or contributed to cause some or all of the damages made the basis of this lawsuit and Gatekeeper Systems, Inc. and Gatekeeper Systems, LLC should be designated as responsible third parties herein.

---

[5]   *See id.* §33.011(6) (emphasis added).

[6]   *See e.g., Diamond H. Recognition LP v. King of Fans, Inc.*, 589 F. Supp. 2d 772, 774 (N.D. Tex. 2008) (citing *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 690 (Tex. 2007)).

**IV.**
**DESIGNATION OF GATEKEEPER SYSTEMS, INC. AND GATEKEEPER SYSTEMS, LLC**
**AS RESPONSIBLE THIRD PARTIES**

Pursuant to section 33.004 of the Texas Civil Practice & Remedies Code Kroger designates Gatekeeper Systems, Inc. and Gatekeeper Systems, LLC as responsible third parties.  Kroger does not admit that Plaintiff's allegations are true, but if they are, it was Gatekeeper Systems, Inc. and Gatekeeper Systems, LLC's acts and/or omissions, rather than any act or omission on Kroger's part, that caused or contributed to cause Plaintiff's alleged injuries and damages.   As such, Gatekeeper Systems, Inc. and Gatekeeper Systems, LLC meet the definition of responsible third parties, and Kroger moves to designate them as responsible third parties in this case.

**V.**
**PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Kroger Texas L.P. prays the Court grant leave to designate Gatekeeper Systems, Inc. and Gatekeeper Systems, LLC as responsible third parties in this case. Kroger also prays for all other and further relief, both general and special, at law and in equity, to which it may show itself to be justly entitled., and for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

/s/ Michael W. Stumbaugh

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Michael W. Stumbaugh**
State Bar No. 24041987
mstumbaugh@peavlerbriscoe.com
**PEAVLER│BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**


## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Plaintiff's counsel, Glenn D. Tucker, Sr. and Steven L. Eason, on June 14, 2022.  Mr. Eason is unopposed to this Motion for Leave.

/s/ Michael W. Stumbaugh

Michael W. Stumbaugh


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on June 20, 2020.

/s/ Michael W. Stumbaugh

Michael W. Stumbaugh

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michael Stumbaugh on behalf of Michael Stumbaugh
Bar No. 24041987
mstumbaugh@peavlerbriscoe.com
Envelope ID: 65597117
Status as of 6/21/2022 12:22 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 6/20/2022 3:20:56 PM | SENT |
| Liz Contreras | | econtreras@peavlerbriscoe.com | 6/20/2022 3:20:56 PM | SENT |
| Michael W. Stumbaugh | | mstumbaugh@peavlerbriscoe.com | 6/20/2022 3:20:56 PM | SENT |
| Steve Eason | | steve@tuckerlawcenter.com | 6/20/2022 3:20:56 PM | SENT |
| Brandi Spillers | | bspillers@peavlerbriscoe.com | 6/20/2022 3:20:56 PM | SENT |

Associated Case Party: JAYE RAYNOR

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| STEVEN LEASON | | service@tuckerlawcenter.com | 6/20/2022 3:20:56 PM | SENT |

# EXHIBIT 8

Exhibit 8

CAUSE NO. DC-21-16775

| | | |
|---|---|---|
| JAYE RAYNOR, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 191st JUDICIAL COURT |
| | § | |
| KROGER TEXAS L.P. | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

---

### ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO DESIGNATE GATEKEEPER SYSTEMS, INC. AND GATEKEEPER SYSTEMS, LLC AS RESPONSIBLE THIRD PARTIES

ON THIS DAY, the Court considered Defendant's Unopposed Motion for Leave to Designate Gatekeeper Systems, Inc. and Gatekeeper Systems, LLC as Responsible Third Parties. After reviewing the motion and briefing and bases thereof, the Court is of the opinion that the Motion should, in all things, be GRANTED.

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED** that Defendant's Unopposed Motion for Leave to Designate Gatekeeper Systems, Inc. and Gatekeeper Systems, LLC as Responsible Third Parties is granted.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Gatekeeper Systems, Inc. and Gatekeeper Systems, LLC are hereby designated a responsible third parties in this matter.

Executed on this 27th day of June 2022.

_____

JUDGE PRESIDING

---

ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO       Solo Page
DESIGNATE GATEKEEPER SYSTEMS, INC. AND GATEKEEPER SYSTEMS, LLC
AS RESPONSIBLE THIRD PARTIES

# EXHIBIT 9

Exhibit 9

FILED
7/15/2022 4:15 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Debra Clark DEPUTY

CAUSE NO. DC-21-16775

| | | |
|---|---|---|
| JAYE RAYNOR, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| vs. | § | 191ˢᵗ JUDICIAL COURT |
| | § | |
| KROGER TEXAS L.P., | § | |
| Defendant, | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JAYE RAYNOR, Plaintiff, complaining of KROGER TEXAS L.P., Defendant, and for cause of action would show:

### I.     DISCOVERY PLAN

Pursuant to **Rule 190.1** of the *Texas Rules of Civil Procedure*, Plaintiff intends discovery to be conducted under Level 1.  Plaintiff affirmatively states that she is seeking only monetary relief aggregating no more than $250,000, including damages of any kind, penalties, cost, expense, prejudgment interest, and attorney's fees.

### II. PARTIES

Plaintiff, **JAYE RAYNOR**, is a resident of Dallas, Texas.  The last three numbers of her Texas Drivers License are 414; the last three of her SSN are 759.

Defendant **KROGER TEXAS L.P.** has made an appearance and filed an answer through an attorney.   Issuance Of Citation Is Not Requested.

### III. VENUE

Venue is proper in Dallas County, Texas as Dallas County is where all or a substantial part of the events or omissions giving rise to the claim occurred.

PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION – PAGE 1 OF 5
*JAYE RAYNOR vs. KROGER TEXAS, LP*FILE #820121

## IV. FACTUAL BACKGROUND

On Monday, June 15, 2020, JAYE RAYNOR was a customer that entered the store known as Kroger #436 owned by Defendant KROGER TEXAS L.P. at 325 E. FM 1382 Rd, Cedar Hill, Dallas County, Texas 75104. Plaintiff had been shopping and attempted to complete her purchases at the checkout.  She was experiencing difficulty with her machine and had a store employee in charge of the self-checkout ring her up.  She began walking toward the exit door with her selected shopping cart when, suddenly and unexpectedly, the cart stopped causing  plaintiff to strike her left toe into the cart.  The toenail of the left toe was torn off resulting in injuries and economic damages to Plaintiff.  The cart, unbeknownst to Plaintiff, had a device attached to one of the wheels of the shopping cart causing to stop at the exit to the store.

At the time, Plaintiff was a business invitee on the property owned or controlled by Defendant; therefore, Defendant owed the highest degree of care toward Plaintiff.  Defendant knew of the dangerous condition that the sudden stop of the shopping cart would cause and/or had a duty to discover the condition with a reasonable inspection.  Further, Defendant had a duty to warn Plaintiff or make safe the conditions that Defendant had actual or constructive knowledge of creating an unreasonable risk.  Defendant failed in its duties, was negligent and such negligence caused serious bodily injuries to Plaintiff.  Defendant was aware of the condition of the cart prior to the incident.

## V.      NEGLIGENCE

►PREMISES LIABILITY

The Defendant either owned or controlled the area where Plaintiff fell.  The said accident and injuries to Plaintiff resulting therefrom were caused solely by the negligence of the Defendant

without any negligence on the part of the Plaintiff contributing thereto. The Defendant's negligence includes, but is not limited to the following:

(1)     The Defendant negligently maintained its premises by allowing shopping carts that could stop suddenly to remain on the floor without signage where individuals such as Plaintiff could be injured  when the cart stopped suddenly and unexpectedly.

(2)     Defendant negligently failed to inspect its premises for dangerous conditions such as allowing shopping carts without signage indicating that they could stop suddenly when it knew, or in the exercise of reasonable care should have known, that the carts could stop suddenly without warning the customers which would greatly increase the risk that invitees, including Plaintiff, could be injured when the cart suddenly, without warning, stopped.

(3)     Defendant negligently failed to warn Plaintiff of the aforementioned dangerous condition on its premises when it knew, or in the exercise or reasonable care should have known, that such conditions existed or likely would exist.

(4)     As a direct and proximate result of the negligence of the Defendant, Plaintiff was injured when the shopping cart suddenly stopped without warning and sustained personal injuries to her foot.  As a result of the negligence of Defendant in not keeping the premises safe, Plaintiff has in the past incurred medical expenses and lost income because of Defendant's negligence. Plaintiff has suffered great pain and discomfort as a result of the injuries and will continue in the future to suffer great pain and discomfort.

▶NEGLIGENT ACTIVITY

Because Plaintiff was an invitee at the time of the injury, Defendant owed a duty to Plaintiff to not injure her with its property.  The employee for Defendant who rang up the cart at the self-

checkout failed to disable the cart's monitor and allow the cart to go outside the doors. The employee's failure to disable the monitor when she was aware that it needed to be done was negligent in her actions and was the direct and proximate cause of Plaintiff's injuries. Consequently, Plaintiff's injuries were the result of the contemporaneous activity of the Defendant employee's actions.

Defendant's conduct and that of its agents, servants, and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed by Defendant to Plaintiff. Defendant is responsible for the negligent actions of its employees under the doctrine of *respondeat superior*.

## VI.  REQUIRED DISCLOSURES

Defendant is directed to provide Required Disclosures pursuant to Texas Rules of Civil Procedure Rule 194 within thirty (30) days of filing the first answer.

## VII.  NOTICE THAT DOCUMENTS WILL BE PRODUCED

Pursuant to Texas Rules of Civil Procedure Rule 193.7, Plaintiff gives notice that all documents produced by Defendant may be used at any pretrial proceeding or that the trial of this case.

## VIII.

## PRESERVATION OF EVIDENCE

Defendant is directed to preserve all electronically stored information and/or video recordings that may contain evidence related to the incident made the basis of this action.

## IX. DAMAGES

As a direct and proximate result of the Defendant's negligence, Plaintiff sustained bodily injury and suffered economic loss and is entitled to recover damages.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that she has judgment against Defendant for her damages and for such other and further relief to which she shows herself justly entitled.

Respectfully submitted,

/s/Glenn D. Tucker, Sr.
Glenn D. Tucker, Sr. (SBN: 20269560)
Steven L. Eason (SBN 06360990)
**LAW OFFICES OF GLENN D. TUCKER, P.C.**
7441 Marvin D. Love Freeway, Suite 400
Dallas, Texas 75237
(214) 358-6550/Telephone
(214) 358-6458/Fax
Email: *service@tuckerlawcenter.com*
ATTORNEY FOR PLAINTIFF

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served on all parties and/or attorneys of record in compliance with Rule 21a of the Texas Rules of Civil Procedure on this the 15th day of July 2022.

BY: /s/Glenn D. Tucker, Sr.

**VIA ESERVE**
Mr. B. Kyle Briscoe
Mr. Michael W. Stumbaugh
PEAVLER, BRISCOE.
2215 Westgate Plaza
Grapevine, Texas 76051
Attorneys for Defendant

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Steve Eason on behalf of Steve Eason
Bar No. 6360990
steve@tuckerlawcenter.com
Envelope ID: 66378927
Status as of 7/18/2022 8:48 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 7/15/2022 4:15:58 PM | SENT |
| Liz Contreras | | econtreras@peavlerbriscoe.com | 7/15/2022 4:15:58 PM | SENT |
| Michael W. Stumbaugh | | mstumbaugh@peavlerbriscoe.com | 7/15/2022 4:15:58 PM | SENT |
| Brandi Spillers | | bspillers@peavlerbriscoe.com | 7/15/2022 4:15:58 PM | SENT |

# EXHIBIT 10

Exhibit 10

## CAUSE NO. DC-21-16775

| | | |
|---|---|---|
| JAYE RAYNOR, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| vs. | § | |
| | § | 191ST JUDICIAL COURT |
| KROGER TEXAS L.P. | § | |
| Defendant, | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S RESPONSES TO
## DEFENDANT'S FIRST REQUEST FOR ADMISSIONS

TO:   Defendant Kroger Texas L.P. by and through her attorney of record B. Kyle Briscoe and Michael W. Stumbaugh, PEAVLER-BRISCOE., 2215 Westgate Plaza, Grapevine, Texas 76051.

**COMES NOW** Plaintiff Jaye Raynor and serves these responses, pursuant to TEX. R. CIV. P. 198, to Defendant Kroger Texas, L.P.'s Request for Admissions.

Respectfully submitted,
LAW OFFICES OF GLENN D. TUCKER, SR.
By: /s/Glenn D. Tucker, Sr.
State Bar No. 20269560
7441 Marvin D. Love Frwy, Ste 400
Dallas, Texas 75237
Telephone (214) 358-6550
Telecopier (214) 358-6458
service@tuckerlawcenter.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served on all parties and/or attorneys of record in compliance with Rule 21*a* of the Texas Rules of Civil Procedure on this the 15th day of July 2022.

BY: /s/Glenn D. Tucker, Sr.

RESPONSES TO ADMISSION REQUESTS

**REQUEST FOR ADMISSION NO. 1:**  Admit that You have no personal knowledge of the specific amount of time that the Shopping Cart was Malfunctioning before the Incident in Question.

 **RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 2:**  Admit that You are aware of no eyewitnesses who saw the Shopping Cart Malfunction before the Incident in Question.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 3:** Admit that You are aware of no Photographs of the Shopping Cart Malfunctioning that were taken immediately before the Incident in Question.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 4:**  Admit that You are seeking damages in excess of $75,000, exclusive of interest and costs.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 5:** Admit no Kroger employee caused the Shopping Cart to Malfunction.

 **RESPONSE: Unable to Admit or Deny therefor deny**

**REQUEST FOR ADMISSION NO. 6:** Admit that You have no personal knowledge whether the Shopping Cart was Malfunctioning more than 10 minutes before the Incident in Question.

 **RESPONSE: Denied**

**REQUEST FOR ADMISSION NO. 7:** Admit that You have no personal knowledge whether the Shopping Cart was Malfunctioning more than 10 minutes before the Incident in Question.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 8:** Admit that You are aware of no witnesses who have personal knowledge whether the Shopping Cart was Malfunctioning more than 10 minutes before the Incident in Question

**RESPONSE: Denied**

**REQUEST FOR ADMISSION NO. 9** Admit that You are aware of no witnesses who have personal knowledge whether the Shopping Cart was Malfunctioning more than 30 minutes before the Incident in Question.

**RESPONSE:  Denied**

**REQUEST FOR ADMISSION NO. 10:**  Admit that You are not aware of any statements by any Kroger employee (whether made before or after the Incident in Question) that he or she was aware that the Shopping Cart was Malfunctioning before the Incident in Question.

**RESPONSE: Denied**

**REQUEST FOR ADMISSION NO. 11:**  Admit that You have no personal knowledge how much time elapsed between the time a Kroger employee last inspected the Shopping Cart and the time of the Incident in Question.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 12:**  Admit that You have no personal knowledge how much time elapsed between the time a Kroger employee last inspected the Shopping Cart and the time that the Shopping Cart Malfunctioned.

**RESPONSE: Admit**


**REQUEST FOR ADMISSION NO. 13:**  Admit that Kroger had no actual knowledge of the Shopping Cart Malfunctioning prior to the Incident in Question

**RESPONSE: Deny**


**REQUEST FOR ADMISSION NO. 14:**  Admit that Kroger had no constructive knowledge of the Shopping Cart Malfunctioning prior to the Incident in Question.

**RESPONSE: Deny**


**REQUEST FOR ADMISSION NO. 15:**  Admit that Kroger had no constructive knowledge of the Shopping Cart Malfunctioning prior to the Incident in Question.

**RESPONSE: Admit**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Steve Eason on behalf of Steve Eason
Bar No. 6360990
steve@tuckerlawcenter.com
Envelope ID: 66375465
Status as of 7/15/2022 3:33 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 7/15/2022 3:33:18 PM | SENT |
| Liz Contreras | | econtreras@peavlerbriscoe.com | 7/15/2022 3:33:18 PM | SENT |
| Michael W. Stumbaugh | | mstumbaugh@peavlerbriscoe.com | 7/15/2022 3:33:18 PM | SENT |
| Brandi Spillers | | bspillers@peavlerbriscoe.com | 7/15/2022 3:33:18 PM | SENT |